1-8-1-0-0-8 Leonides Nieves-Borges et al. v. El Conquistador P'ship  Explained in Morgan, a hostile work environment is typically created over time. It constitutes a series of separate acts that collectively constitute a single violation. All incidents are relevant to liability as long as any incident that is part of that hostile work environment occurs within the charge filing period. Incidents within the charge filing period do not have to be independently actionable to consider the entire course of conduct. This Court has followed the Morgan rule as it must, beginning with Crowley in 2002. Lockridge did not cite Morgan, but it did reach the right result. There it held that a denial of a raise and a denial of a preferred office were not anchoring acts because they were not because of sex as required by Title VII, and therefore they could not be part of a hostile work environment based on sex. Perez also reached the right result. There it held that a request for a co-worker to bring cornbread was not an anchoring act, both because it was not because of sex and also because it was too innocuous to contribute to a hostile work environment. Despite Morgan, the District Court here said that anchoring acts must themselves, quote, constitute sexual harassment, page 16 of the order. We know that the Court was requiring these acts to constitute sexual harassment in and of themselves because of what it did next. It discussed the prima facie case for a substantive hostile work environment in the context of the timeliness analysis. On page 20, it looked only at the four incidents alleged within the charge filing period in its discussion of whether the conduct was severe or pervasive. The severe or pervasive inquiry, however, is relevant only to merits analysis and not to timeliness analysis, and that is because it can happen only after the timeliness analysis determines the scope of the conduct to be considered in deciding whether a hostile work environment was severe or pervasive. Just to ground the point that you're making, is there a particular act you have in mind in the record that should have been considered in the analysis and that wasn't? Yes. The District Court said that there was no allegation within the charge filing period of anything because of sex. However, the plaintiff did allege that there was sexual touching within the charge filing period, and then before the charge filing period, he also alleged sexual touching. Not only did he say that it happened a gazillion times, which is what the appellee focuses on, but he also alleged specific instances of sexual touching and also had witnesses that they testified that they, too, had seen touching. Now, this is summary judgment. So, on summary judgment... I'm trying to put that together with the point about the innocuousness exception, which you mentioned. Within the time, you said there was evidence of sexual touching? Yes. But then you said there was evidence of touching. No, sexual touching. Within the time, he also alleged sexual touching. So that, unlike requests to bring cornbread, that certainly is not innocuous. But earlier, I thought you said there were other witnesses who had observed touching. Prior to the period. I just want to know what you mean by touching versus sexual touching. Right. Well, that's unclear. They say they couldn't tell whether it was sexual or not. But again, given his allegations that there had been sexual touching, and because it's summary judgment, we have to make all reasonable inferences in favor of the plaintiff. So given the fact that he testified that it was sexual, and then that other witnesses said they did see touching, it's a reasonable inference that there was sexual touching. Is that critical for the... I mean, one possible way of reading what the district court did would be to be disputing your conclusion on that point. Because if you're wrong on the point you just made about the reasonableness of that inference, would it be clear that the district court erred in its analysis under Morgan? No, it would not. Okay. So just on that point, does the EEOC have a position on that particular point about whether we would have to make the reasonable inference that the touching outside the period was sexual touching? No, we do not. Okay. Our sole point here is that the analysis under Morgan was incorrect. And we're asking this to look out within the charge filing period does not itself have to constitute a hostile work environment. That's why we're here. And the second... Could I just, maybe it would be helpful for me just to get one last time what the EEOC thinks it does have to include? So I understand it does not have to include conduct that itself constitutes sexual harassment. Correct. But what, it has to constitute the kind of conduct that could be relevant to the conclusion that there was sexual harassment? Two things. It has to constitute conduct that would be because of a projected characteristic, so in this case because of sex. And it also has to constitute conduct that would be a part of that same hostile work environment. And what is the standard that EEOC uses or suggests that we use for determining that second inquiry? It would have to be related in some way, as described in Morgan. So it could be the same conduct by the same harasser, and in this case he is alleging the same harasser. Conceivably as described in Morgan, if the conduct happened 15 years ago and then there was a break and then there was something else or something by a different harasser, there would be no way really to connect it. But are you suggesting that the point about innocuousness might be wrong in our precedent? Because see what I'm saying? The idea that it has to be related conduct. Well, an instance of touching by somebody who sexually harasses one time might say that's innocuous. But as I understand what you're suggesting is, and I understand why you might be suggesting it under Morgan, that might be a mistake for purposes of the timeliness analysis, because when you think it's the same person who then later is engaged in sexual touching, that touching might in the sweep of things all of a sudden be relevant. That's what I'm trying to figure out. That's exactly correct, Your Honor. But of course some touching by the same harasser might be so, I mean I guess it has to be because of the question of how do you know it's because of... That's correct, but in analyzing what that conduct is and the relevance and the inferences you can draw from that conduct, you do look back at what happened before and look at everything in context. Counselor, just focusing on the facts here, isn't it so that the event that you focus on within the 300-day period is rather precisely mirrored by many other allegations by the complainant throughout this 13- or 14-year period? It's a factual matter, isn't that... That's absolutely correct, Your Honor. And so in that sense, it is very much related to all of those prior instances that created his claim that this hostile environment, is that... That's absolutely correct, and that is what we say in our brief. I don't want to push the point too much, but just because I do think this matters for how we apply the standard going forward. When you say it's absolutely correct, I guess I'm just not fully understanding what that means. There's evidence of touching in the period and outside the period, but the quality of the evidence we have about the nature of that touching differs between the two periods. No, I believe in both periods he alleged sexual touching, and in fact, looking at all of it in context, taking into account the fact that touching before was sexual. That's not what I said. I'm sorry. He alleges all of it was. Yes. And so the quality of the evidence with respect to the touching that we're talking about in the two periods, though, is distinctive. It's not absolutely the same, because as you said, in the period outside, the touching that he alleges of sexual harassment is touching that other people witnessed and could not characterize as such, and he doesn't describe it in the kind of detail that he describes the touching inside the period. Isn't that right? Yes. Okay. So what are we to make – that's – you see, I mean, that's the – what's difficult about applying Morgan to actual facts is what are we supposed to do? It's true, he's alleged all of it is the same. Under Iqbal Twomley, the legal conclusion that sexual harassment isn't sufficient. You've got to look at the actual facts. So then he just has said touching, not of a specified kind. But he's alleging the same person did it. He's then got detailed accounts of what it looked like in the later period. We've got some evidence of what it looked like in the former period, but it's uncertain. Do we treat that all as related, or do we say, no, it's distinctive? I mean, how are we supposed to actually apply the standard you want us to apply when there's facts like this? Because this is actually a pretty good test case of how you might think about applying the Morgan rule. If I understand your point, Your Honor, what the EEOC's position is, first, we're not taking a position really on the quality of the evidence here. That sort of is more to the merits, but – I mean, it's hard to do much with the standard you want us to propose absent real, actual, factual settings. And I realize why you don't want to get into each one of those, but you see the problem. So I'm just trying to get help from you as to how we are supposed to think about how to give content to this idea of relatedness. I do believe that if it is arguably related, and we're talking summary judgment, if a jury could reasonably make the inference, that should be enough for the timeliness inquiry, simply for timeliness. And then the jury could look at all of it, but here on summary judgment, where you have touching and you have a history of somebody with sexual touching, a reasonable jury could infer that what happened later by the same harasser was connected. Under Morgan, you just need some incident, no matter how tiny, within the charge filing period. And even if this is a tiny instance, it's certainly enough that looking from the victim's perspective, they could believe it was part of the same hostile work environment that began previously. Does that answer your question? Yeah, but just I'll try one more version of it, just because we had a recent case where this similar type of issue came up. You may have even appeared in that case. It was in Maine. Yes. Well, no, in Boston. It was a Maine case. Okay. But the thing that puzzles me slightly is I guess one way to think about it would be, forget the timeliness instance for a second, you just look at the incidents. And let's say one of the incidents outside the period just happened to be necessary to the conclusion that the instance that occurred inside the period would amount to pervasiveness. Okay. So the only way you could get over the pervasiveness was to include one of the incidents outside the period. Well, now if we looked at that incident from outside the period, would a jury be able to reasonably conclude that the touching alleged outside the period was because of sex and sexual in nature such that we could aggregate it with the others to now conclude that it was pervasive? If we couldn't, then it seems odd to me that we nevertheless would count it for purposes of timeliness. Well, that separates the timeliness inquiry from the merits inquiry. But I don't see why we would be counting it for timeliness purposes if it's not the kind of thing that could ever count for purposes of the merits. It just doesn't make sense to me. Maybe I'm not… Not that it's necessary. In other words, you don't have to prove that something that occurred outside the period itself shows pervasiveness. Correct. But I would have thought you have to show it's the kind of thing that could at least contribute to pervasiveness. Outside the charge filing period. Yes. Correct. Counsel, I assume you would not be making the argument that you're making here if you did not look at the allegations that were made outside the time period and conclude that the allegation that you have focused on within the time period does mirror, perhaps in every detail, does mirror the kind of conduct that occurred during that 13- or 14-year period in that a reasonable jury could find that those earlier instances were sexual in nature. Is that correct? That's correct. For example, you have this is the kind of allegation that you have. This is from 2007. At a convention in Orlando, Florida that they both attended in 2007, Alvarez put his hand on Nieves Borges' leg so we have physical contact and while shaking his room key in the air said, what do you want to do next? I mean, it's not hard to see in that allegation a sexual connotation. And I assume that's the kind of allegation that you were evaluating in order to make the legal argument that you're making here today. Is that fair? That is fair. And looking back at that allegation, it gives context to the touching allegations later so that it makes it related that one piece later within the charge filing period, even if not crystal clear, looked at in context, in the context of the kind of allegation that you just mentioned, could be viewed as sexual and certainly could be viewed as related in the way that a reasonable victim would construe that this was part of an ongoing hostile work environment. Thank you. Thank you. Good morning, Your Honors. May it please the Court. Attorney Mariel Hack on behalf of the defendants' appellees. Briefly, Your Honors, we would like to address the matter raised by the Appellant's Counsel regarding the motion to strike the opposition to summary judgment. And in that regard, plaintiff's counsel concedes that he would have to prevail on that point in order to prevail on summary judgment. And we just very briefly would like to note that the degree of deference due to a district court when interpreting its local rules is very high, and the standard for abuse of discretion analysis requires that some clear error or some abuse has been committed. Counsel, can you? Yes. Something that was striking about the district court's decision, after making that in the summary judgment context, that very important procedural ruling about what would or would not be part of the summary judgment record, the court then seems to undertake a legal analysis that seems to disregard the ruling that he's made about the state of the record. I mean, he seems to look at the hostile environment claim, for example, as if everything that's been alleged and disputed is there, and then makes the legal judgment that he makes. Is that an incorrect reading of how the district court proceeded? Yes, Your Honor, because the allegations that the district court included were addressed as part of defendant's motion for summary judgment. So the court disregarded the additional facts and incidents that were alleged by the plaintiffs in their opposition. What the court did was, as it must, undertake an independent review of the record in order to determine whether summary judgment was appropriate as a matter of law. But that record took into consideration what he had ruled should not properly be part of the record. Is that correct? I disagree, Your Honor. As I mentioned previously, the exhibits that were taken into consideration were those that were made part of defendant's motion for summary judgment. And as the court will note, the judge did make a small exception for certain. Yes, Your Honor. So you're not challenging then even with that? If the district court's ruling stands, is the record we're supposed to review as broad as the record the district court relied on in making its ruling? We have no objection to the record that the district court considered, Your Honor. We find that the decision stands regardless. But that record includes more than the six paragraphs in the brief, doesn't it? Your Honor, if I may, the district court makes reference briefly to various incidents, which all make reference to the defendant's statement of facts. So the record is not broader than what was in our moving papers, except as to the limited facts, which I think are only six. I may be just confusing things. I thought the district court ruled because of the nature of the filings by the plaintiff, it was going to treat only the six paragraphs as what he could stand on. Yes, that's correct. Did the district court, in fact, make reference to any facts not included in those six paragraphs in its review? I believe it did not, Your Honor. Well, for example, in deciding that the conduct alleged was not severe and pervasive within the meaning of our case law, my sense was that the district court actually did look at allegations that were covered by his procedural rulings. And that's why I have the feeling of a disconnect between what he said was properly part of the summary judgment record and then what he proceeded to look at when he actually made the legal rulings that he did. But you think it's right. He was faithful to his strike ruling when he then did the legal analysis of the summary judgment record. Yes, Your Honor, I do. Because, as the court will note in the record, in defendant's statement of uncontested facts, we actually did address many of the additional incidents that plaintiff asserts just to paint a full picture and argue that even if all the facts are brought to bear, the conduct was not sufficiently severe nor sufficiently objectively sexual so as to uphold a ruling under Title VII for a hostile work environment because of sex. The because of sex element is missing. But just so I'm clear, the six paragraphs include the reference to the shaking of the key, the touching of the leg, and then the subsequent touching? To the shaking of the key, Your Honor, I'm not quite sure if that was something that we directly addressed. I think we did bring it up because there is a discrepancy between how he described the incident the first time around when he complained to the hotel and then when he brought it to the charge in the EEOC. The initial incident doesn't mention the key at all, and it doesn't mention come to my room. The first time he described the incident, he just said, I'm paying for lunch. What do you want to do next? Maybe just so I understand the stakes of this dispute better, and I'm a little tripped up by the concession maybe on the other side given what you're now saying and what is seemingly in the record. But from your perspective, what is excluded from the record by the strike order that is of any relevance to the merits? I mean, I know it's an odd question to ask you, but since you're also trying to tell us it's important that we uphold the strike order, what's of any significance factually that the strike order excludes? Well, with respect, Your Honor, we would submit that even without the deeming order, we would prevail. So that's something that we just wanted to touch upon briefly in order to address the plaintiff. But there's not some particular set of facts you have in mind that you are here saying it's really important we not consider them. No, Your Honor. And we can't because of the strike order. No, Your Honor. Because they're not that different than what's in the six-month period, six paragraphs. Is that right? Correct. Basically, it's the same quality of the evidence. It's the same type of incidents of the same sort of innocuous. So we have just an odd situation in which one side is conceding that they lose unless we overturn the strike order, and the other side is conceding that it doesn't matter if we overturn the strike order. Your Honor, you know, it's – Counsel, I have to – this is very confusing. I'm looking at what I think are the paragraphs that remain after the strike order. And it seems like maybe with one exception, they don't really involve any allegations about inappropriate conduct by Mr. Alvarez. They all seem to relate to the kind of procedural matters. Who worked at the Human Resources Department? A call from somebody named Leo Nieves. Is that the – That's the plaintiff. That's actually the plaintiff. Leo, excuse me. But they don't seem to involve the allegations of what the plaintiff characterizes as sexual misconduct. So this is a – in light of the judge's ruling, this is an extremely favorable record for you. It is indeed, Your Honor. And yet again, it almost seems to me that the district court could have said, in light of the record that's left, there's just nothing left of the plaintiff's complaint and defendants win. But he didn't do that. I think, Your Honor, that the district court was very thorough, and I think it afforded the plaintiff all opportunity and it made the proper analysis. But you said you're okay with us just reviewing the same material the district court reviewed on summary judgment. Which we believe is constrained to our moving papers. So let me try this. Am I correct in my understanding, which I think may be a little different than others, that a number of those incidents were addressed by the judge, but he took the version that you provided? That is correct, Your Honor. The facts are addressed, but it's because they arise from our moving papers, and that is what we submit this court should do as well. That being said, we have a disagreement with the EEOC's position as to the application of Morgan, because while the EEOC properly argued that Morgan allows for the aggregation of timely and untimely claims, there is, you know, in the EEOC guidance itself, it has to be because of a characteristic protected by Title VII. If the conduct falls outside the purview of Title VII, it doesn't matter if the act is timely or untimely. You can't aggregate it to create a timely claim. And here, the acts within the charging period are not remotely sexual. There's two invitations to socialize, where the record clearly reflects that these invitations were extended to other managers, male and female, that Mr. Alvarez customarily invited people to parties at his house, and it wasn't something specifically directed to the plaintiff. And, in fact, the EEOC essentially concedes in its brief that those two proposed anchoring acts are insufficient, so they instead focus on the touching. But with regards to the touching, we have to pay attention to social context, and we have to operate from a point of common sense. And when we look at the incident in the record, really, it comes down to a handshake at 830 in the morning, after a morning lineup, and nothing else. The simple expedient of calling it a sexual act. But what if you looked at all of the incidents leading up that are outside the period, that would cast a remarkably different patina on what might appear to be innocent acts? What do you make of that argument? I would respectfully disagree, Your Honor. No, but hypothetically, what if it did that? If it casts a different patina, I still think that a handshake in a professional setting, in public, does not arise to the sort of conduct that would properly support an actionable work environment because of sex. The plaintiff here has not presented any evidence that other males were subjected to similar conduct. He has not presented evidence that members of the opposite sex were treated differently, and he has not presented any evidence that this act that he is alleging would be objectively offensive to another person in his same position. Did anyone besides the plaintiff describe the touching of the hands as potentially sexual? I mean, you call it a handshake, but he seemed to – he calls it something else. Your Honor, none of the witnesses were able to characterize any of the interactions between Mr. Alvarez and the plaintiff as sexual or inappropriate in nature. The record on that is quite clear. So why would we disregard his characterization at this stage of the proceeding? Plaintiff's characterization is subjective. The persons who saw this conduct from the outside objectively didn't see anything sexual about it. So what? There has to be an objective level of severity in order for Title VII to apply. The objective level of severity is if the jury credits the representation by the plaintiff. All it has to say is if I credit what the plaintiff said, would that objectively be sexual in nature? Your Honor, without – You're saying that because he is the one representing it, it can't be credited, but we can't do that on summary judgment. Your Honor, what happened in this case is that there are no sufficient details, no sufficient descriptions. There's his description. And even so, it's not sufficiently described. I was looked at in a sexual manner, but what was it? I was touched in a sexual manner, but how were you touched? Where were you touched? Where did the contact take place? What's in the record is that somebody saw Mr. Alvarez touch him on the arm. Somebody saw him pat him on the back as a greeting. Somebody saw him shake his hand. None of these things are based on gender. None of these things on their own could raise an inference that Mr. Nieves was being targeted because of sex. And this Court has clearly held, you know, that summary judgment is the appropriate baseline, you know, the mechanism to police the baseline for these hostile work environment claims. Counsel, somehow you seem to be saying since this is a male-on-male complaint, it should not be taken as seriously as we would be required to take it if it's male-on-female. That seems to be your argument. No, Your Honor, that is not my argument at all. Well, look, this is another one of his allegations. Alvarez would insinuate with his body movements that he would like to have sex with Nieves Borges. Now, that's not just a conclusory allegation. There is a reference to the way in which Mr. Alvarez was moving his body. If that were an allegation involving Mr. Alvarez and a female employee, would you say that one could not infer from that that that is sexual in nature? Your Honor, I believe that there is an insufficient description there. And furthermore, plaintiff was asked if he was ever propositioned by Mr. Alvarez, if he was ever told, invited for sex, if there was ever anything overtly sexual, and the record is clear and uncontested that there was not. What he says is he subjectively perceived things like, I'm watching you, I hope you're doing your job well, as being a sexual come-on. Another instance he alleges is, I hope my mother gets well taken care of when she visits Palomino. He also interpreted that as Mr. Alvarez trying to dominate him or seduce him. And these are just not reasonable characterizations of what a hostile work environment is. None of this conduct is sexual, Your Honor. And I believe that applying Morgan and applying the case of Pettis v. Horizon Lines, this case simply falls short of what this court has previously held is actionable. Title VII is supposed to create a rigorous standard, an exacting, demanding standard to prevent petty slights and things that are not egregious from becoming the stuff of Title VII claims. Precisely because Title VII is not supposed to be a general code of civility. And we respectfully submit that the severity here is not present, the timeliness is not present, because the one act within the charging period is not sufficiently related to those outside, and it is not the sort of conduct that could support a hostile work environment. And while we take exception to the EEOC's characterization that the district court held that they have to be independently actionable, because the opinion in order doesn't say that, the district court did correctly say that it has to be of a sort that would support a hostile work environment. Just while I'm straight on the, with the respect to the incident in the time period, in the charging period, which you characterize as the handshake, given the motion to, the ruling on the strike, what does the record show as to that particular incident? What the record shows in that particular incident is only what the EEOC charge said, which is, on that morning, Mr. Avedis touched my hands in a sexual manner. The simple expedient of adding sexual to the manner of a hand touching, which, you know, I would say our hands are the most exposed to make contact with other people naturally, and handshakes are very much normal in a workplace environment. All of this other qualification that came later about the lotion and the alleged caressing, that's not part of the record before this court. And what's, so you're saying that that's conclusory? Indeed, Your Honor. I think the simple expedient of adding the word sexual to a hand touching does not raise it to the level of, for example, you know, touching somebody's intimate areas, their groin or their buttocks or a breast. Well, the allegation does go further. It doesn't just talk about touching hands in a sexual manner. It goes on to say he gazed at his body top down and invited him to have drinks after work. And, again, this allegation within the 300-day period is similar to similar allegations made during that 13- or 14-year period. So, first of all, this allegation does not seem to be just conclusory. It doesn't just say sexual. There are some added details in here that arguably, particularly on summary judgment, would justify the characterization of this as sexual. Your Honor, I would disagree with that position to the extent, as the district court found, that the conduct falls short. It's a relatively insignificant incident, all things considered. And the invitations to socialize were correctly held by the district court to be a general occurrence at the hotel, not something just directed at the plaintiff. So the invitation to socialize wouldn't serve as an anchoring act because it's not targeted at plaintiff because of his sex. So the touching of his hands, again, we're in a public area at the hotel right after a meeting. It's not unusual or uncommon for this sort of hand-to-hand contact to take place. But that's why one incident isn't enough. But that just begs the question, if over the course of 15 years, each time the handshake was described the same way. But, Your Honor, the record doesn't reflect that. No, I understand. But the claim is that if you start aggregating the incidents outside the time period, they mirror the incident inside the time period and having that extra dimension based on the allegation. And then I don't quite see what the problem with doing that is. If I may, Your Honor, briefly address your point. This was covered in our briefs, and that's why after we addressed the timeliness matter in our brief, we also discussed severity and pervasiveness and gender-based or sexual-based animus, because we feel that even as informed by the prior acts, this claim still fails with the record before this court. Thank you. For the record, the attorney of the appellants, Your Honor. Okay, we just want to make clear for the record what was addressed by Judge Lippes, that the event on August 19, 2014, it was addressed in plaintiff brief, and we make specific reference to the record where it came from the statement of facts in which it was well-cited. Just before you go too far, I just want to understand something about the concession that you earlier made, and I'm trying to understand whether you really made it. Yeah, but considering this fact that I'm going to address, Your Honor, just with this fact alone, we take it totally, totally that all the facts together in the case, it shows that he was sexually harassed, because Mr. Luis Alvarez invited. I just want to say it one more time, which is earlier I was understanding that you thought unless we overturned the motion to strike, you could not win. As I understand from your opponents, even if we do not overturn the motion to strike, we still can look at the statement of facts as put forward by the opponents, in addition to the six paragraphs. Is that right? I believe, Your Honor, yes, we can, considering this fact alone. Is your position that if we do that, you still lose? No, we can win based on considering the facts that took place on August 19, 2014, because the judge considered those facts at the lower court, Your Honor. And those facts specifically, it states that Mr. Alvarez was sexually harassed. Counsel, I'm sorry. Just for clarification, I suggested earlier that it did seem to me that the district court, and then after its ruling on the motion to strike, after it then analyzed the summary judgment record in order to determine whether it was a good hostile environment claim allege, that it actually looked at parts of the record that arguably he should not have looked at in light of the ruling on the motion to strike. You seem to be saying that's really what he did. Is that correct? What I believe, Your Honor, that the facts that are in the record, he should have used them also, and considering facts that we made specific reference to the record properly, because with those facts, it's more clear our position, Your Honor, that my client was sexually harassed. Could I finish, Your Honor, one more issue I have? Yes. One of the judge addressed specifically in his judgment regarding a statement of how we address the record, and we want to clarify, make this for the record. It was, okay, at page, in our brief, in page 59, we address an example of a judge that he covers in his judgment, and we explain what took place in this record. We address the issue of Exhibit 2 attached to this document at Plaintiff Exhibit 1 attached to the deposition. Exhibit 2 was a deposition, and that deposition had attached an Exhibit 1, and the way we address it, we make reference to the exhibits and the page, exactly what the civil local rule addresses. You have to make reference to exhibits and pages. And in this case, if you go to the appendix, you will see at page 702 of the appendix, Exhibit 2, and where Exhibit 1 that was attached to that Exhibit 2, it starts at 802. So it was just a deposition that we make reference that had another exhibit attached, and the way we address it is from one exhibit, we're making reference to exhibit and pages. We haven't breached the civil local rule, Your Honor. Thank you. Sent.